■ In the Matter of Roberto Martinez, Appellant, v Philip Coombe, Jr., as Commissioner of the New York State Department of Correctional Services, Respondent. [651 NYS2d 943] —Appeal from a judgment of the Supreme Court (Hughes, J.), entered February 15, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of jurisdiction.

Petitioner was found guilty of violating a prison disciplinary rule prohibiting the use of a controlled substance. After this finding was administratively affirmed, petitioner submitted an order to show cause to Supreme Court attempting to commence a proceeding pursuant to CPLR article 78 challenging the determination. The order to show cause was signed and ordered, *inter alia*, that service of the petition and order to show cause be made upon respondent and the Attorney-General by ordinary first class mail on or before a certain date. It is undisputed that petitioner failed to comply with these service directives. Accordingly, Supreme Court granted respondent's motion to dismiss the petition for failure to obtain personal jurisdiction over respondent.

"Failure of an inmate to satisfy the service requirements set forth in an order to show cause requires dismissal for lack of jurisdiction absent a showing that imprisonment presented obstacles beyond his [or her] control which prevented compliance" (*Matter of Gittens v Selsky*, 193 AD2d 986, 987). No such showing has been made by petitioner, who unpersuasively contends for the first time on appeal that alleged medical needs and lack of photocopying funds presented an obstacle preventing proper service of the executed order to show cause. Therefore, Supreme Court properly dismissed the petition for lack of personal jurisdiction over respondent.

Mercure, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.