[687 NYS2d 801]

In the Matter of Valentina Spry, Appellant, v Delaware County et al., Respondents.

Third Department, April 8, 1999

---

## APPEARANCES OF COUNSEL

*Chernin & Gold, L. L. P.,* Binghamton *(Sam P. Monachino* of counsel), for appellant.

*Ferrara, Fiorenza, Larrison, Barrett & Reitz, P. C.,* East Syracuse *(Frank W. Miller* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

Petitioner, employed as a ward clerk at respondent Delaware County Countryside Care Center under the terms of a collective bargaining agreement, was charged with numerous specifications of incompetence, insubordination, conduct unbecoming an employee, serious misconduct and unauthorized use of facility property. Following an 11-day administrative hearing conducted pursuant to Civil Service Law § 75, petitioner was found guilty of a great many of the charges[1] and the Hearing Officer recommended that petitioner be demoted in grade and title. By decision dated December 19, 1997, the Care Center's administrator adopted the Hearing Officer's findings of guilt but rejected the Hearing Officer's recommendation as to penalty and instead terminated petitioner's employment.

Petitioner then brought this CPLR article 78 proceeding alleging, *inter alia,* that the findings of guilt were not supported by substantial evidence. Respondents answered and then moved to dismiss the petition by way of objection in point of law for failure to state a cause of action (CPLR 3211 [a] [7]). Noting that the petition made only conclusory assertions and stated no evidentiary facts in support of its claims, Supreme Court granted the motion and dismissed the petition. Further, Supreme Court denied petitioner's request for leave to replead

---

1. The record on appeal filed by petitioner contains neither the statement of charges, the record of the disciplinary proceeding nor the Hearing Officer's extensive findings and recommendation on penalty. Our knowledge of that material is gleaned from the parties' factual averments.

pursuant to CPLR 3211 (e) because petitioner "failed to come forward with a demonstration that a genuine issue concerning substantial evidence is involved". Petitioner appeals.

As limited by the parties' briefs, the sole issue that we need consider is whether a petition in a CPLR article 78 proceeding "raises" the substantial evidence issue within the meaning of CPLR 7804 (g) by simply alleging that the challenged administrative determination is not supported by substantial evidence. In that connection, it should be noted that the Hearing Officer heard testimony over a period of 11 days, generating a record containing 2,664 pages of testimony and 300 pages of exhibits, and issued a 106-page decision finding petitioner guilty of over 100 separate specifications of misconduct. Nonetheless, the petition fails to identify any of the challenged findings of misconduct or the manner in which the hearing evidence is claimed to have been deficient; rather, it merely alleges that "[t]he Hearing Officer's Recommendation finding the Petitioner guilty of the charges is not supported by substantial evidence within the meaning and intent of CPLR 7803 (4)".

At the outset, we note that Supreme Court and respondents have cited to no relevant legal authority for the proposition that, in order to raise the substantial evidence issue, a petition in a CPLR article 78 proceeding in the nature of certiorari need state the precise fashion in which the agency determination is not supported by substantial evidence, and our own research has disclosed none. On the other hand, petitioner has supplied us with no authority for a contrary position and our research there has been equally fruitless. We have no alternative but to decide the issue, then, by analyzing the fundamental legal prerequisites of a petition within the context of the rather unique certiorari proceeding.

CPLR 3013[2] provides the fundamental legal framework for a pleading, requiring that it contain statements that are "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense". Providing little basis for Supreme Court's concern that the instant petition "lacks any factual averments supportive of th[e] legal conclusion [that the findings of guilt are not supported by substantial evidence]",

2. Pursuant to CPLR 402, CPLR 3013 applies to special proceedings as well as to plenary actions (see, Boll v Shanly, 34 AD2d 875, lv denied 27 NY2d 485; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3013:19, at 733).

CPLR 3013 contains no requirement that a pleading set forth either "facts" or "averments". To the contrary, abandoning the rigid requirement of the Civil Practice Act that a litigant plead "material facts" (*see*, former CPA 241), CPLR 3013 speaks instead of "[s]tatements" and permits the pleader to state legal conclusions (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3013:4, at 723).

Concluding, then, that the absence of factual averments is not of itself fatal, we must next gauge the petition against the requirement that a pleading set forth the material elements of the cause of action (CPLR 3013). Here, the trouble begins. The simple fact is that a certiorari proceeding is more akin to an appeal than to an action or proceeding and really has no elements as such (*see*, Alexander, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C7804:8, at 660). Assuming that the challenged determination was judicial or quasi-judicial in nature and made on the basis of a hearing at which evidence was taken pursuant to direction by law (CPLR 7803 [4]), as is clearly the case here, an aggrieved party is entitled to have the Appellate Division test the legal sufficiency of the evidence relied upon by the agency by simply requesting that it do so. It would therefore appear that an effort to ascertain the elements of a certiorari proceeding is about as fruitful as attempting to delineate the elements of a notice of appeal.

Our remaining inquiry concerns the legal requirement that a pleading "give * * * notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved" (CPLR 3013). Continuing with the analogy to an appeal, we conclude that in a certiorari proceeding there is essentially nothing to be "proved". All evidence has already been adduced at the administrative hearing and findings made thereon. The petitioner's task is not to prove transactions or occurrences, but rather to present legal argument on the substantial evidence issue. Fundamentally, the proper vehicle for such argument is a memorandum of law or a brief. Notably, following transfer of the proceeding to this Court, petitioner will be required to file a brief setting forth, at minimum, the specific findings that are being challenged and, as to each, the manner in which the evidence relied upon by the Hearing Officer was deficient or identifying other hearing evidence that would have supported a contrary finding, together with a statement as to why that evidence should have been credited by the Hearing Officer. Failure to do so will be deemed an abandonment of the issue.

Based upon the foregoing, we conclude that so much of the petition as alleged that respondent's determination was not supported by substantial evidence did not "fail to state a cause of action" and was therefore incorrectly dismissed. Supreme Court's order shall be modified to that extent.[3] Petitioner's appeal from so much of Supreme Court's order as denied her request for leave to replead pursuant to CPLR 3211 (e) has been rendered academic.

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion and dismissed that part of the petition challenging respondent's determination as not supported by substantial evidence; motion denied to that extent; and, as so modified, affirmed.

---

3. Although we realize that, following our reinstatement of the substantial evidence claim, Supreme Court need take no action other than transfer the matter to us pursuant to CPLR 7804 (g), on the present record we are unable to dispose of the substantial evidence issue.