■ In the Matter of Jose Rodriguez, Appellant, v Glenn S. Goord, as Commissioner of the Department of Correctional Services, et al., Respondents. [688 NYS2d 722] —Mercure, J. Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered March 6, 1998 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding him guilty of violating a prison disciplinary rule.

Petitioner is a prison inmate. In this CPLR article 78 proceeding, he challenges an administrative determination finding him guilty of violating State-wide rule 101.20* based upon a female correction officer's misbehavior report and hearing testimony that, upon making eye contact, petitioner moved to the front of his cell and intentionally exposed himself to her by masturbating. Supreme Court first rejected petitioner's several due process claims on the merits and then, recognizing petitioner's claim that the correction officer's testimony should have been rejected because she was unable to see into his cell from her location in the console, concluded that no substantial evidence issue had been raised because petitioner's "conclusory" and "speculative" allegations were unsupported by "documentary proof". Supreme Court therefore dismissed the petition in its entirety. Petitioner appeals.

Initially, we conclude that Supreme Court erred in dismissing so much of the petition as alleged that the determination was not supported by substantial evidence. Unlike CPLR article 78 proceedings in the nature of mandamus to compel or mandamus to review, in which the petitioner has an initial burden of presenting factual allegations of an evidentiary

* Rule 101.20 provides that "[i]nmates shall not intentionally expose the private parts of their bodies" (7 NYCRR 270.2 [B] [2] [ii]).

nature or other competent evidence tending to establish his or her entitlement to the requested relief (*see, e.g., Matter of Malik v Berlinland*, 158 AD2d 836, *lv denied* 76 NY2d 704), in a proceeding in the nature of certiorari to review, as is presented here, the substantial evidence issue may be raised by the mere conclusory allegation that the challenged determination is not supported by substantial evidence (*see, Matter of Spry v Delaware County*, 253 AD2d 178 [decided herewith]). Under the circumstances, Supreme Court should have transferred the substantial evidence issue to this Court pursuant to CPLR 7804 (g).

Nonetheless, we have the power to vacate so much of Supreme Court's judgment as dismissed the substantial evidence claim, treat that part of the petition as having been transferred to this Court and conduct our own de novo review of the issue (*see, Matter of Harris v Jacobson*, 255 AD2d 239; *Matter of Hoffman v Village of Sidney*, 252 AD2d 844). Upon such review, we conclude that the detailed misbehavior report and corroborating testimony of its author, in which she stated that she was able to see into petitioner's cell "the first few feet" beyond the bars, provides substantial evidence to support the finding of guilt (*see, Matter of Burgos v Commissioner of N. Y. State Dept. of Correctional Servs.*, 252 AD2d 698, 699). Petitioner's contrary testimony merely raised a credibility issue for resolution by the Hearing Officer.

Turning briefly to the remaining claims raised in the petition, we first reject the contention that the hearing was not concluded in a timely manner (*see*, 7 NYCRR 251-5.1). The record discloses that the misbehavior report was written on April 28, 1997 and served upon petitioner the following day and that the hearing was timely commenced on May 9, 1997 and then continued pursuant to valid extensions to May 12, 1997, May 16, 1997 and May 20, 1997 (*see*, 7 NYCRR 251-5.1 [b]; *Matter of Barreto v Goord*, 244 AD2d 610; *Matter of Chappelle v Coombe*, 234 AD2d 779, 780). Further, in view of the fact that the author of the misbehavior report actually testified at the hearing, we conclude that no prejudice could have resulted from the employee assistant's alleged failure to interview her (*see, Matter of Faison v Goord*, 254 AD2d 658, *appeal dismissed and lv denied* 93 NY2d 827). Petitioner's remaining contentions have been considered and found to be similarly unavailing.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by vacating Supreme Court's dismissal of so much of the

petition as raised the substantial evidence issue; petition to that extent treated as one transferred to this Court for de novo review and, upon such review, determination confirmed and petition dismissed; and, as so modified, affirmed.