In the Matter of KEITH TOWNES, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [766 NYS2d 603] —Appeal from a judgment of the Supreme Court (Spargo, J.), entered February 5, 2003 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of violating a prison disciplinary rule. Supreme Court granted respondents' motion to dismiss the petition on the ground of lack of personal jurisdiction because petitioner failed to serve each respondent with the signed order to show cause and petition as directed in the order to show cause. Absent a showing that imprisonment presented an obstacle to service beyond an inmate's control, failure to satisfy the service requirements set forth in an order to show cause requires dismissal for lack of personal jurisdiction (see Matter of Bennett v Selsky, 306 AD2d 597 [2003]; Matter of Martinez v Goord, 304 AD2d 1062 [2003]). Petitioner did not argue before Supreme Court that he was presented with any barriers preventing him from properly commencing this proceeding, and his belated assertions on appeal that insufficient access to a typewriter, law books and a copy machine prevented him from making proper service are unpersuasive (see Matter of Martinez v Coombe, 234 AD2d 825, 826 [1996]).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.