Matter of Nedd-Miller v Novello (2004 NY Slip Op 50897(U))

[*1]

Matter of Nedd-Miller v Novello

2004 NY Slip Op 50897(U)

Decided on August 17, 2004

Supreme Court, Westchester County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 17, 2004

Supreme Court, Westchester County
In the Matter of the Application of CARMALETA NEDD-MILLER, Petitioner, For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules
against
ANTONIO C. NOVELLO, M.D., M.P.H., Dr. P.H.D., as Commissioner of the New York State Department of Health, Respondent.
04-5223

Carmaleta Nedd-Miller
Petitioner Pro Se
60 East 2nd Street
Mount Vernon, New York 10550
Eliot Spitzer
Attorney General of the State of New York
101 East Post Road
White Plains, New York 10601

Mary H. Smith, J.
Upon the foregoing papers it is ordered that this proceeding is hereby transferred to the Appellate Division, Second Department, pursuant to CPLR § 7804(g). Upon service by petitioner of a copy of this order with notice of entry upon the Westchester County Clerk, the Clerk is directed to deliver all papers filed in this proceeding to the Clerk of the Appellate Division, Second Department.This is a CPLR Article 78 proceeding in which petitioner, Carmaleta Nedd-Miller, seeks to appeal respondent, the New York State Department of Health's determination dated December 10, 2003, which (1) adopted the Report and Recommendations of the Administrative Law Judge (the "ALJ") dated October 10, 2003, which was made after a hearing held in this matter on July 14, 2003, (2) sustained the charges that had been lodged against petitioner for patient abuse and [*2]neglect, (3) amended the report of patient abuse and neglect to reflect that the incident occurred on May 28, 2002 rather than May 29, 2002, and (4) fined petitioner in the amount of $250.00.
In opposition to the instant proceeding, respondent argues that: (1) this proceeding must be dismissed for lack of personal jurisdiction because petitioner failed to serve respondent in accordance with the requirements set forth in this Court's Order to Show Cause dated April 16, 2004 [FN1]; (2) the petition fails to state a cause of action; (3) respondent met its burden of proving by a preponderance of the evidence that petitioner committed patient abuse and patient neglect; and (4) because the petition raises the issue of substantial evidence, the proceeding should be transferred to a Term of the Appellate Division, Second Department, pursuant to CPLR § 7804(g).
Respondent's Objections In Point of Law - Personal
Jurisdiction And Failure to State A Cause of Action

Pursuant to CPLR § 7804(g), this Court is required to dispose of any objection in point of law as could terminate the proceeding. (Matter of Rossi v. Portuondo, 275 AD2d 823, app. denied, 96 NY2d 703). Accordingly, because respondent's arguments concerning (1) the court's jurisdiction over respondent, and (2) the sufficiency of the pleading found in the petition [FN2], are points of law that may dispose of this proceeding, the Court will address these issues first.
With regard to respondent's personal jurisdiction argument, it is undisputed that petitioner failed to comply with the Order to Show Cause's service requirement namely, that the papers be served by regular mail on respondent and respondent's counsel on or before April 30, 2004. Thus, petitioner has admitted in her reply that she did not "timely receive the court's direction to serve the papers by April 30, 2004 and [she] served them as soon as [she] returned from Florida." (Reply of Carmaleta Nedd-Miller dated July 7, 2004). Indeed, petitioner's affidavit of service indicates that petitioner served respondent and respondent's counsel by regular mail on May 12, 2004, and this date is also confirmed by the date stamped on the postage found on the copy of the service envelope. (See Affirmation of Seth M. Abrams, Esq. dated May 24, 2004, Exhibit C). Nevertheless, in her reply, petitioner asks the Court to consider the reply "as a request to extend the time to serve the Article 78 Order to Show Cause to May 20, 2004" and further requests that "the Court consider that I am representing my self [sic] in this matter and give me the extension of time retroactively." (Reply of Carmaleta Nedd-Miller dated July 7, 2004).
Respondent is correct in its argument that "[i]t is well settled that the failure to comply with the service requirements set forth in an order to show cause" is grounds for dismissal for [*3]lack of personal jurisdiction over respondent. (See, e.g., Matter of Zambelli v. Dillon, 242 AD2d 353).[FN3] However, a court may entertain an application to extend the time to serve papers in an Article 78 proceeding pursuant to CPLR § 306-b. That statute provides that "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." (CPLR § 306-b; see Matter of Adams v. Garyali, NYLJ, Aug. 6, 2001, at 25, col 2).
In interpreting the standards to be applied (i.e., good cause [FN4] or interest of justice) pursuant to CPLR § 306-b, the New York Court of Appeals has stated that when applying the interest of justice standard, there is no need to make a threshold showing of "reasonable diligence in attempting to effect service as a prerequisite to a court's exercising its discretion to grant an extension." (Leader v. Maroney, Ponzini & Spencer, 97 NY2d 95, 104). In Leader, the Court stated that the two standards are separate and further explained that "the interest of justice standard ... [is] more flexible than the good cause standard ... [and] accommodate[s] late service [*4]that might be due to mistake, confusion or oversight, so long as there is no prejudice to defendant." (Id. at 104-105 quoting Bill Jacket, L 1997, ch 476, at 14). With regard to the issue of the "prejudice to defendant", courts have concluded that prejudice does not arise simply because of a loss of a procedural advantage, such as a statute of limitations defense. (Brooklyn Housing and Family Services, Inc. v. Lynch, 191 Misc2d 341, 353, citing Busler v. Corbett, 259 AD2d 13).
The Court in Leader also identified the following factors to be considered in connection with the interest of justice standard:

"diligence or lack thereof, along with any other relevant factor ... including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant.[FN5]
(Leader, 97 NY2d at 105). However, the Court further explained that "[n]o one factor ... is determinative the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served." (Id. at 106).
In Matter of Adams v. Garyali, supra, the Order to Show Cause required petitioner to serve the papers on the Attorney General and the New York County District Attorney by facsimile transmission and first class mail on or before September 6, 2000. Respondents moved to dismiss the proceeding for lack of personal jurisdiction and argued, as respondent argues here, that petitioner failed to serve the order to show cause pursuant to its terms. There, the markings from the post office indicated that the mail was posted on September 8, 2000 and furthermore, the facsimile transmission page indicated that service by facsimile transmission was not completed until September 7, 2000 "one day after the date specified in the Order to Show Cause for completion of service." Despite the failure to comply with the terms of the Order to Show Cause, the court used its discretion pursuant to CPLR § 306-b to relieve petitioner of his delay based on an interest of justice rationale. Thus, the court ordered that the "time for service of the order to show cause and accompanying papers is extended to September 7, 2000, and service deemed effected nunc pro tunc."
[*5]
Here, petitioner filed her petition within the four month statute of limitations.[FN6] The delay in service was somewhat beyond her control (and therefore satisfying the good cause/excusable neglect standard under the federal cases) insofar as petitioner was away at the time the Order to Show Cause was returned to her and, therefore, she could not comply with its directive that service occur by April 30, 2004. In any event, pursuant to the interest of justice standard, most (if not all) of the factors set forth in Leader weigh in favor of this Court's extending the time for service in the Order to Show Cause. Here, there would be a statute of limitations bar if this Court were to dismiss this proceeding. In addition, it appears that petitioner did not delay in serving the papers on respondent (and respondent's counsel) as soon as she returned from Florida. There also appears to be no prejudice to respondent as respondent obtained an extension of time to answer the papers and respondent is not prejudiced simply because of the loss of a tactical advantage (i.e., a statute of limitations defense if this proceeding were dismissed). Finally, while respondent's decision was likely supported by substantial evidence, that issue will be decided by the Appellate Division, Second Department after this proceeding is transferred. In any event, because petitioner is statutorily entitled pursuant to CPLR Article 78 to a court's review of respondent's decision that petitioner engaged in patient abuse/neglect, the petition has merit. (See Matter of Adams v. Garyali, supra).
Based on the forgoing, respondent's motion to dismiss for a lack of personal jurisdiction is denied. Petitioner's application to extend the date of service is granted and the Court hereby orders that the service date in the Order to Show Cause is extended to May 12, 2004 and further orders that the service is hereby deemed effected nunc pro tunc.
The Petition Adequately States A Cause of Action
Respondent argues that the petition fails to state a cause of action because in connection with petitioner's request for an appeal from the respondent's determination, petitioner "in no way enables Respondent to determine the nature of Petitioner's grievance with the proceedings below" since "[t]he petition simply states that Petitioner has been a compassionate certified nurse assistant who has dedicated her life to caring for the elderly and for speaking up for them on their [*6]behalf .... As such, Petitioner requests a chance to clarify herself and to clear her name." (Verified Answer at ¶ 42). Thus, respondent argues that "[s]imply urging the court to reopen the case in an effort to allow Petitioner to clear her name is not a sufficient cause of action, and will ultimately serve to substantially waste judicial resources." (Id.). The Court does not agree.
When faced with a similar argument, the Appellate Division, Third Department found that there was no authority for the proposition that "a petition in a CPLR article 78 proceeding in the nature of certiorari need state the precise fashion in which the agency determination is not supported by substantial evidence ...." (Matter of Spry v. Delaware County, 253 AD2d 178, 180).
There, the Court held that a petition in a certiorari to review must only allege that the challenged administrative determination is not supported by substantial evidence and does not need to allege evidentiary facts in support of the claim. (Matter of Spry, supra, 253 AD2d at 182; see also Matter of Rodriguez v. Goord, 260 AD2d 736, 737, app. denied, 93 NY2d 818 ["in a proceeding in the nature of certiorari to review ... the substantial evidence issue may be raised by the mere conclusory allegation that the challenged determination is not supported by substantial evidence"]). Indeed, the Court recognized the inherent problem with applying the pleading requirements of CPLR § 3013 to a proceeding seeking certiorari to review:

"[t]he simple fact is that a certiorari proceeding is more akin to an appeal than to an action or proceeding and really has no elements as such .... Assuming that the challenged determination was judicial or quasi-judicial in nature and made on the basis of a hearing at which evidence was taken pursuant to direction by law ... an aggrieved party is entitled to have the Appellate Division test the legal sufficiency of the evidence relied upon by the agency by simply requesting that it do so. It would therefore appear that an effort to ascertain the elements of a certiorari proceeding is about as fruitful as attempting to delineate the elements of a notice of appeal."
(Matter of Spry, 253 AD2d at 181). While the Court reversed the lower court's dismissal of the proceeding on CPLR § 3013 grounds, the Court nevertheless cautioned petitioner that "following transfer of the proceeding to this Court, petitioner will be required to file a brief setting forth, at minimum, the specific findings that are being challenged and, as to each, the manner in which the evidence relied upon by the Hearing Officer was deficient or identifying other hearing evidence that would have supported a contrary finding, together with a statement as to why that evidence should have been credited by the Hearing Officer. Failure to do so will be deemed an abandonment of the issue." (Matter of Spry, 253 AD2d at 181).
Here, respondent admits that the "petitioner's main cause of action seems to raise the question of whether the Hearing Officer's determination is supported by substantial evidence." (Verified Answer at ¶ 48). As such, the Court finds that the petition states a cause of action and respondent's application to dismiss the petition on this basis is also denied. However, petitioner should follow the Court's advice to the petitioner in Matter of Spry, and supplement her papers in the manner proposed in that case upon the transfer of this proceeding to the Appellate Division, Second Department.
Because the Action Raises A Question of Substantial Evidence
The Action Must be Transferred to the Appellate Division, Second Department
[*7]
Pursuant to CPLR § 7804(g), this Court must transfer to the Appellate Division, Second Department, all CPLR Article 78 proceedings in which a substantial evidence issue is raised, unless there are other objections raised that could terminate the proceeding without the need to reach the substantial evidence issue. A question of substantial evidence as specified in CPLR § 7803(4) "arises only where a quasi-judicial hearing has been held and evidence taken pursuant to law ...." (Matter of Bonded Concrete, Inc. v. Town Board of the Town of Rotterdam, 176 AD2d 1137, 1137-1138). As noted by one court, the legislative history for the enactment of this provision is that

"[t]ransfer of substantial evidence cases to the Appellate Division is premised on the fact that in such cases there has already been a plenary hearing before an administrative agency, giving rise to a full record, and that review of that record should be the responsibility of an Appellate-level court ... [T]his procedural arrangement is desirable from the standpoint of effective court administration and judicial economy.'"
(Matter of Scott v. Wetzler, 155 Misc2d 910, 911; quoting Office of Court Administration, Memorandum in Support of S. 2930, 1990 McKinney's Session Laws of N.Y. at 2935). Here, there was a quasi-judicial proceeding before an ALJ (Administrative Law Judge) on July 14, 2003. At the conclusion of that hearing, the ALJ found that petitioner, while performing her duties as a nurse assistant, engaged in physical abuse and patient neglect when she allegedly intentionally stepped on a patient's foot after being kicked by the patient. Whether that determination was appropriate will necessarily depend upon a resolution of whether the record of the proceedings before the ALJ provided substantial evidence supporting such a determination. (CPLR §§ 7803(4); 7804(g); Matter of Leach v. Coughlin, 179 AD2d 1050; Matter of Daniel v. Coughlin, 147 AD2d 896, app. dismissed, 74 NY2d 704; Matter of Joyner v. Smith, 143 AD2d 522, app. denied, 73 NY2d 704; Matter of Smith v. Coughlin, 111 AD2d 503).
Based on the foregoing it is hereby
ORDERED, that pursuant to CPLR § 7804(g), this proceeding is transferred to a Term of the Appellate Division, Second Department for disposition. 
This constitutes the Opinion, Decision, and Order of the Court.
Dated: White Plains, New York__________________________
 August 17, 2004 Honorable Mary H. Smith, J.S.C.
Carmaleta Nedd-Miller
Petitioner Pro Se
60 East 2nd Street
Mount Vernon, New York 10550
Eliot Spitzer
Attorney General of the State of New York
101 East Post Road
White Plains, New York 10601
[*8]Attention: Elyse J. Angelico, Esq.

Footnotes

Footnote 1:The Order to Show Cause required that petitioner serve respondent and respondent's counsel mail (the Attorney General of the State of New York) by ordinary first class on or before April 30, 2004.

Footnote 2:Because motions to dismiss petitions based on an alleged failure to state a cause of action have been held to be objections that could terminate the proceeding, a court should address this application prior to transferring the matter to the Appellate Division. (See, e.g., Matter of Burgess v. Selsky, 270 AD2d 736; Matter of Spry v. Delaware County, 277 AD2d 779; Royal Service Station, Inc. v. Lipsman, 2002 WL 1396042). 

Footnote 3:Indeed, all of the cases cited by respondent stand for the proposition that failure to serve papers is jurisdictional in nature and requires dismissal of an action. Three of the cases involved prisoner Article 78 proceedings and in those cases, the courts found that since the prisoners did not show that "imprisonment presented an obstacle beyond the inmate's control", the prisoners' failure to serve the papers on respondents required dismissal for lack of personal jurisdiction. (Matter of Townes v. Selksy, 309 AD2d 1106; see also Matter of Elufe v. Parrott, 6 AD3d 856; Matter of Bennett v. Selsky, 306 AD2d 597). In the other two cases, petitioners failed to serve respondents by personal service as was required by the Order to Show Cause and, therefore, the court dismissed the actions for lack of personal jurisdiction. (Goldmark v. Keystone & Grading Corp., 226 AD2d 143; Matter of Bell v. State University of New York at Stony Brook, 185 AD2d 925). Thus, in the last two cases, petitioner served the papers on respondent but failed to follow the mode of service required by the Order to Show Cause. Here, there is no dispute that petitioner served the papers in the mode required by the Order to Show Cause (i.e., regular mail), and the only issue concerns the timeliness of the service. 

Footnote 4:It appears that "federal courts generally find good cause 'only in exceptional circumstances' where 'the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" (Brooklyn Housing and Family Services, Inc. v. Lynch, 191 Misc2d 341, 347; citing Shider v. Communications Workers of America, 1997 WL 470112; Scally v. Daniluk, 1997 WL 639036; National Union Fire Ins. Co. v. Sun, 1994 WL 463009). CPLR § 306-b was modeled after Federal Rule of Civil Procedure 4(m) and therefore, as one court has noted, "[v]iewing rule 4(m) and CPLR 306-b as parallel enactments, our courts have since then looked to federal court decisions for assistance when identifying the factors that might constitute 'good cause' and 'interests of justice' for CPLR 306-b purposes." (Brooklyn Housing and Family Services, Inc., 191 Misc2d at 346). This approach has been further sanctioned by the New York Court of Appeals. (Leader, supra, 97 NY2d at 106). Here, petitioner was in Florida at the time the Court's Order to Show Cause was mailed to her and therefore, by the time she returned it was too late for her to comply with the time requirement for service set forth in the order. 

Footnote 5:The interest of justice analysis in the federal courts is one of excusable neglect which "encompasses 'inadvertence, carelessness, and mistake.'" (Brooklyn Housing and Family Services, Inc., supra, 191 Misc2d at 347). The federal courts consider the following factors in deciding whether to extend the time for service: "(1) prejudice to the adversary, (2) the length of the delay, (3) the reason for the error, (4) the potential impact on the judicial proceedings, (5) whether the delay was within the 'reasonable control of the movant', (6) whether the movant acted in good faith,... (7) whether dismissal of the action would bar a new action due to expiration of the statute of limitations ... and (8) whether plaintiff was proceeding pro se." (Id. at 348). And the New York Court of Appeals has stated that they "agree with the Appellate Division majorities that Federal case law analysis of rule 4(m) provides a useful template in discussing some of the relevant factors for an interest of justice determination." (Leader, supra, 97 NY2d at 106). 

Footnote 6:Pursuant to CPLR § 203(c)(1), "the moment of commencement by filing 'constitutes the crucial date for determining whether the Statute of Limitations is satisfied.'" (Matter of Fry v. Village of Tarrytown, 89 NY2d 714, 719; quoting Matter of Spodek v. New York State Commr. Of Taxation and Finance, 85 NY2d 760, 763). Nevertheless, in an Article 78 proceeding, to satisfy the statute of limitations, petitioner must also "effect service of the filed papers on respondent, and ... file proof of service with the court within the statutory period (see, CPLR 304, 306-a, 306-b[a])." (Matter of Gershel v. Porr, 89 NY2d 327, 332). Prior to CPLR § 306-b's amendment, if petitioner failed to perform these additional steps after filing within the statutory time frame, the action would be deemed dismissed, but a petitioner would have 15 days to re-commence the proceeding and effect service and still receive the benefit of the filing date of the previously-filed Article 78 petition. Now courts are given the discretion to, rather than dismiss the proceeding, extend the time for service and filing of the proof of service so long as petitioner moves for the extension shows either good cause or the interest of justice is served. (Gem Flooring, Inc. v. Kings Park Indus., Inc., 5 AD3d 542, 444; quoting CPLR § 306-b).