■ In the Matter of MIKE HENRIQUEZ, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [876 NYS2d 774]—

Appeal from a judgment of the Supreme Court (O'Connor, J.), entered May 23, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, compel respondent to file certain grievances.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking to compel respondent to accept, file and reply to various grievances purportedly submitted by him between November 2006 and September 2007. Respondent answered, producing copies of four grievances filed by petitioner during the relevant time period, together with the respective dispositions, and requested that the petition be dismissed for

failure to state a cause of action. Supreme Court dismissed the petition and this appeal by petitioner ensued.

We affirm. In a CPLR article 78 proceeding in the nature of mandamus to compel, "the petitioner has an initial burden of presenting factual allegations of an evidentiary nature or other competent evidence tending to establish his or her entitlement to the requested relief" (*Matter of Rodriguez v Goord*, 260 AD2d 736, 736-737 [1999], *lv denied* 93 NY2d 818 [1999]). Here, petitioner alleged only that he "attempted" to file various grievances with the relevant grievance office between November 2006 and September 2007 and that those grievances, in turn, were not responded to or otherwise processed. Noticeably lacking is any specificity as to the date, time or manner in which the grievances allegedly were filed. In addition, petitioner concedes that, with the exception of what purport to be handwritten copies of the subject grievances, there is no documentary evidence in the record to support his claim that the grievances were filed with the facility. In light of petitioner's conclusory and unsubstantiated allegations, we discern no error in Supreme Court's decision to dismiss the petition.

Cardona, P.J., Peters, Rose, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.