■ In the Matter of JAMELL SCHLEEDE, Petitioner, v CALVIN O. RABSATT, as Superintendent of Riverview Correctional Facility, et al., Respondents. [885 NYS2d 229]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with smuggling and possessing a controlled substance after his girlfriend was detained by correction officials while going to visit petitioner and was found to be in possession of a balloon containing marihuana which she voluntarily retrieved from her underwear. She admitted to conspiring with petitioner to smuggle marihuana into the facility and stated that she had done so on prior occasions. Petitioner was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officials involved in the investigation, as well as the transcript of the telephone conversation between petitioner and his girlfriend, provide substantial evidence supporting the determination of guilt (*see Matter of Porter v Goord*, 7 AD3d 847, 848 [2004]; *Matter of Surdis v Walsh*, 301 AD2d 900 [2003]). Petitioner's opposing testimony and that of his girlfriend, who maintained that the marihuana was for her personal use, presented a credibility issue for the Hearing Officer to resolve (*see Matter of Dozier v Selsky*, 54 AD3d 1074, 1075 [2008]; *Matter of Ramos v Selsky*, 48 AD3d 863, 864 [2008]). Contrary to petitioner's claim, viewing the misbehavior

report as a whole, we find that it gave him adequate notice of the charges to allow him to prepare a defense (*see Matter of Catlin v Gouverneur Correctional Facility*, 38 AD3d 1025, 1026 [2007]). Lastly, we note that petitioner is without standing to challenge the revocation of his girlfriend's visitation privileges (*see Matter of Cortorreal v Goord*, 36 AD3d 1005, 1006 [2007], *lv denied* 8 NY3d 811 [2007]; *Matter of Gomez v Hollis*, 277 AD2d 551, 552 [2000]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Cardona, P.J., Spain, Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.