■ In the Matter of PAUL QUARTIERI, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [896 NYS2d 485]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with conspiring to introduce drugs into the facility and smuggling after his wife was apprehended with a large quantity of marihuana during a family reunion visit. After surrendering the drugs, petitioner's wife signed a statement acknowledging that the substance surrendered was marihuana, that petitioner had arranged for her to purchase and transport the drugs into the facility and that she had smuggled drugs to petitioner on 10 previous occasions during his incarceration. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. That determination was affirmed administratively with a reduction in the penalty imposed, and petitioner thereafter commenced this CPLR article 78 proceeding seeking annulment.

We confirm. The detailed misbehavior report, together with the testimony of the investigator and the signed statement by petitioner's wife that he had orchestrated her efforts to smuggle marihuana into the facility provide substantial evidence to support the determination of guilt (*see Matter of Schleede v Rabsatt*, 65 AD3d 1413, 1413 [2009]; *Matter of Rosa v Goord*, 14 AD3d 747, 747-748 [2005]). The fact that petitioner's wife recanted her statement during the hearing and petitioner denied any involvement raised issues of credibility to be resolved by the Hearing Officer (*see Matter of Schleede v Rabsatt*, 65 AD3d at 1413; *Matter of Jordan v Fischer*, 53 AD3d 1013 [2008]).

While petitioner challenges the basis for determining that the confiscated substance was marihuana, we note that where an inmate is charged with smuggling and conspiracy, the documentation requirements of 7 NYCRR 1010.5 are not applicable and, in any event, petitioner's wife admitted that the substance was marihuana (*see Matter of James v Fischer*, 57 AD3d 1064, 1064-1065 [2008]; *Matter of Mackie v Goord*, 49 AD3d 952, 953 [2008]). Our review of the record demonstrates that petitioner was afforded a fair and impartial hearing and the outcome was a result of the evidence presented and not any alleged bias on the part of the Hearing Officer (*see Matter of Stallone v Fischer*, 65 AD3d 1410 [2009]; *Matter of Davis v Fischer*, 64 AD3d 847, 848 [2009], *lv denied* 13 NY3d 709 [2009]). Finally, we reject petitioner's challenge to the severity of the modified penalty imposed, inasmuch as it was not so shocking to one's sense of fairness as to be excessive (*see Matter of Martinez v Goord*, 48 AD3d 851 [2008]; *Matter of Rivera v Goord*, 38 AD3d 964, 964-965 [2007]).

Petitioner's remaining claims, to the extent not specifically addressed herein, have been examined and found to be either unpreserved or without merit.

Cardona, P.J., Peters, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.