■ In the Matter of TYRONE MONROE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [899 NYS2d 912]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation, it was discovered that petitioner used the telephone and written correspondence to solicit his wife to bring drugs into the correctional facility. As a result, he was charged in a misbehavior report with conspiring to possess drugs, smuggling and violating facility procedures governing visitation, correspondence and telephone usage. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing. Among the penalties imposed was the loss of nine months of contact visitation with his wife. The determination was subsequently affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's claim, we find that the misbehavior report, testimony of the investigator who prepared it and confidential information considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (*see Matter of Jordan v Fischer*, 53 AD3d 1013 [2008]; *Matter of Torres v Fischer*, 53 AD3d 1008 [2008]). The fact that neither petitioner nor his wife were actually found to be in possession of drugs does not obviate the finding of guilt with respect to charges of conspiring to possess drugs or smuggling (*see Matter of Florentino v Washburn*, 47 AD3d 1169, 1170 [2008]). Petitioner also claims that the loss of contact visitation violated the provisions of 7 NYCRR 200.5 (c) (1). These provisions, however, specify the measures that must be taken with respect to the visitor, not to the inmate found guilty of the disciplinary violations. Petitioner has no standing to challenge

the suspension of his wife's visitation privileges (*see Matter of Schleede v Rabsatt*, 65 AD3d 1413, 1414 [2009]; *Matter of Mineo v Fischer*, 57 AD3d 1033, 1034 [2008]). His remaining claim is not preserved for our review due to his failure to raise it in his administrative appeal.

Cardona, P.J., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.