■ In the Matter of DAVID CARTER, Appellant, v DAVID ROCK, as Superintendent of Great Meadow Correctional Facility, Respondent. [908 NYS2d 754]—

Appeal from a judgment of the Supreme Court (Pritzker, J.), entered December 21, 2009 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

The visitation privileges of petitioner's wife with petitioner, an inmate, were suspended following her arrest for allegedly smuggling drugs into a correctional facility. After the charges against his wife were dismissed, petitioner requested that privileges be restored. That request was denied, after which petitioner commenced this CPLR article 78 proceeding challenging the suspension. Supreme Court dismissed the proceeding for lack of standing and petitioner now appeals.

We affirm. With regard to petitioner's request for restoration of his wife's visiting privileges, it is well settled that an inmate lacks standing to challenge the suspension or revocation of another's visitation privileges (*see Matter of Monroe v Fischer*, 73 AD3d 1304 [2010]; *Matter of Schleede v Rabsatt*, 65 AD3d 1413, 1414 [2009]; *Matter of Cortorreal v Goord*, 36 AD3d 1005, 1006 [2007], *lv denied* 8 NY3d 811 [2007]). To the extent that petitioner also seeks review of respondent's denial of his request for restoration of his own visitation privileges, we find that the petition fails to state a cause of action for such relief, as it lacks sufficient " 'factual allegations of an evidentiary nature or other competent evidence tending to establish his . . . entitlement to the requested relief' " (*Matter of Henriquez v New York State Dept. of Correctional Servs.*, 61 AD3d 1191, 1192 [2009], quoting *Matter of Rodriguez v Goord*, 260 AD2d 736, 736-737 [1999], *lv denied* 93 NY2d 818 [1999]).

Cardona, P.J., Mercure, Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.