In the Matter of CLIFFORD FAUBLAS, Petitioner, v DAVID A. ROCK, as Superintendent of Upstate Correctional Facility, et al., Respondents. [925 NYS2d 923]—

---

* This acknowledgment was further reflected in petitioner's commencement of a CPLR article 78 proceeding in March 2007.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Based upon an investigation, petitioner's girlfriend was apprehended in the prison visiting room, where she surrendered tobacco and marihuana to prison officials and later admitted that she had conspired with petitioner to smuggle the contraband into the facility. As a result, petitioner was found guilty following a tier III disciplinary hearing of smuggling, solicitation and drug possession, and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, testimony of the investigator and signed statement from petitioner's girlfriend provide substantial evidence to support the determination of guilt (*see Matter of Quartieri v New York State Dept. of Correctional Servs.*, 70 AD3d 1071, 1072 [2010]; *Matter of Schleede v Rabsatt*, 65 AD3d 1413, 1413 [2009]). Petitioner has demonstrated no prejudice resulting from the alleged inadequate employee assistance, as the Hearing Officer provided all requested documents during the hearing, with ample time for petitioner to review them (*see Matter of Reid v Fischer*, 80 AD3d 1035, 1035 [2011]; *Matter of Fludd v New York State Dept. of Correctional Servs.*, 62 AD3d 1149, 1152 [2009], *lv denied* 13 NY3d 705 [2009]). Our review of the record demonstrates that the finding of guilt was predicated on the evidence introduced, rather than any alleged hearing officer bias (*see Matter of Barca v Fischer*, 80 AD3d 1038, 1039 [2011], *lv denied* 16 NY3d 711 [2011]; *Matter of Reid v Fischer*, 80 AD3d at 1036). Finally, we do not find that the penalty imposed was "so shocking to one's sense of fairness as to be excessive," particularly in light of petitioner's prior drug-related offenses (*Matter of Smiton v New York State Dept. of Correctional Servs.*, 70 AD3d 1148, 1150 [2010]).

Petitioner's remaining contentions have been considered and found to be either unpreserved or lacking in merit.

Peters, J.P., Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.