In the Matter of BENNIE GIBSON, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [929 NYS2d 507]—

Petitioner, acting pro se, sought to commence the instant CPLR article 78 proceeding challenging a prison disciplinary determination. The order to show cause named a number of parties as respondents and provided that "service of this Order by certified mail, return receipt req. [*sic*] will be deemed sufficient." Thereafter, petitioner failed to, among other things, serve certain respondents with any papers and serve other

respondents with the papers by certified mail. As a result, respondents moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted the motion and this appeal ensued.

We affirm. It is well settled that an inmate's failure to comply with the service directives set forth in an order to show cause requires dismissal of the petition for lack of personal jurisdiction unless the inmate can demonstrate that obstacles presented by his or her imprisonment precluded compliance (*see Matter of Chavis v Goord*, 46 AD3d 1029, 1030 [2007]; *Matter of Vera v Goord*, 13 AD3d 994 [2004]; *Matter of Townes v Selsky*, 309 AD2d 1106 [2003]). Here, petitioner failed—in numerous respects—to comply with the service requirements set forth in the order to show cause, and he has not demonstrated that his imprisonment prevented him from doing so. Notably, he did not oppose respondents' motion. Consequently, we find that Supreme Court properly granted respondents' motion and dismissed the petition.

Mercure, J.P., Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.