██ In the Matter of COREY HARRISON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [960 NYS2d 749]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with smuggling and conspiring to introduce drugs into the facility at which he was incarcerated. According to the report, petitioner had several telephone conversations with an unknown male from mid-July to August 2011, whereby it was arranged that a certain package would be mailed to the facility. After the package arrived, some of the containers included therein were examined and found to contain, among other things, 173.7 grams of a green, leafy substance later determined to be marihuana. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of both charges, and a penalty of 36 months in the special housing unit was imposed. That determination was affirmed upon petitioner's administrative appeal, prompting the commencement of this CPLR article 78 proceeding.

We confirm. The misbehavior report, the testimony of its author, who described how petitioner had been the subject of an ongoing narcotics investigation, and the transcript of the recorded telephone calls demonstrating petitioner's solicitation of the package using coded language* provide substantial evidence supporting the finding of guilt on each charge (*see Matter of Faublas v Rock*, 85 AD3d 1519, 1520 [2011]; *Matter of Quartieri v New York State Dept. of Correctional Servs.*, 70 AD3d 1071, 1072 [2010]). Although petitioner denied the allegations contained in the misbehavior report, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Cruz v Fischer*, 94 AD3d 1296, 1297 [2012]).

Petitioner's numerous claims of procedural error are equally

---

* The transcript reveals that petitioner solicited the listener to mail the "stuff" in "the cans," and petitioner, in turn, was assured that it would come "in two or four." Significantly, the drugs ultimately were discovered in four soup cans mailed to petitioner.

unpersuasive. Contrary to petitioner's argument, the misbehavior report was sufficiently detailed to enable him to prepare a defense (*see* 7 NYCRR 251-3.1 [c]; *see also Matter of Argentina v Bezio*, 69 AD3d 1287, 1288 [2010], *lv denied* 14 NY3d 709 [2010]). Specifically, the report adequately described the allegations that, over a specified time period, petitioner engaged in a conspiracy over the telephone to introduce drugs into the facility (*see* 7 NYCRR 270.2 [B] [14] [xv]) by means of smuggling them (*see* 7 NYCRR 270.2 [B] [15] [i]) in a package that was received on August 11, 2011 and found to contain, among other things, a significant quantity of a substance later determined to be marihuana. While the report did not contain every possible evidentiary detail, the record demonstrates that petitioner was provided all relevant information (*see Matter of Bonnemere v Fischer*, 100 AD3d 1174, 1175 [2012]; *Matter of Couch v Goord*, 255 AD2d 720, 721-722 [1998]). Moreover, "[a]lthough the author of the misbehavior report did not directly witness [the search of the package], the record confirms that he sufficiently ascertained the facts" and reviewed the pertinent proof "before writing the report" (*Matter of Lamage v Fischer*, 100 AD3d 1176, 1176 [2012]; *see Matter of Hernandez v Fischer*, 67 AD3d 1225, 1226 [2009]).

Petitioner's claim that he was denied requested documentary evidence is similarly unavailing. Although petitioner's assistant neglected to provide some of the requested documents, the Hearing Officer either supplied the missing items or, in the case of the unusual incident report, afforded petitioner an opportunity to review it at the hearing. Hence, petitioner failed to demonstrate any prejudice as a result of the claimed deficiencies in the employee's assistance (*see Matter of Acosta v Fischer*, 98 AD3d 1170, 1171 [2012]). To the extent that petitioner challenges the basis for determining that the substance seized was marihuana, "where[, as here,] an inmate is charged with smuggling and conspiracy, the documentation requirements of 7 NYCRR 1010.5 are not applicable" (*Matter of Quartieri v New York State Dept. of Correctional Servs.*, 70 AD3d at 1072). In any event, petitioner was supplied the relevant chain of custody information. Finally, "upon reviewing the record, we find nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias" (*Matter of Cicio v Fischer*, 100 AD3d 1226, 1227 [2012]).

As for petitioner's challenge to the penalty imposed, it is true that petitioner received a significant punishment. Nonetheless, given petitioner's lengthy drug-related prison disciplinary history and the amount of drugs that were confiscated, "we do not

find the penalty so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Jamison v State of N.Y. Dept. of Corr. Servs.*, 98 AD3d 1150, 1151 [2012]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Rose, J.P., Stein and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.