# State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: August 6, 2015                    518346

_____

In the Matter of ROBERT
    CUMBERLAND,

                Appellant,

     v                                              MEMORANDUM AND ORDER

COMMISSIONER OF CORRECTIONS
    AND COMMUNITY SUPERVISION,
                Respondent.
_____

Calendar Date:  June 8, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Clark, JJ.

_____

      Robert Cumberland, Stormville, appellant pro se.

      Eric T. Schneiderman, Attorney General, Albany (Laura Etlinger of counsel), for respondent.

_____

      Appeal from a judgment of the Supreme Court (Zwack, J.), entered January 23, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to install televisions and/or radio jacks at Greenhaven Correctional Facility.

      Petitioner, an inmate at Greenhaven Correctional Facility, submitted a grievance requesting that televisions and/or radio jacks be installed in each cell.  Following the Central Office Review Committee's denial of his grievance, petitioner commenced this CPLR article 78 proceeding seeking to compel respondent to install such.  In its answer, respondent alleged that petitioner failed to state a cause of action.  Supreme Court agreed and, accordingly, dismissed the petition.  This appeal ensued.

We affirm.  In a CPLR article 78 proceeding in the nature of mandamus to compel, "'the petitioner has an initial burden of presenting factual allegations of an evidentiary nature or other competent evidence tending to establish his or her entitlement to the requested relief'" (Matter of Henriquez v New York State Dept. of Correctional Servs., 61 AD3d 1191, 1192 [2009], quoting Matter of Rodriguez v Goord, 260 AD2d 736, 736-737 [1999], lv denied 93 NY2d 818 [1999]).  Here, the petition alleges that, upon information and belief, all other similar correctional facilities have televisions and radio jacks in each cell; thus, respondent is required to install similar equipment at Greenhaven.  We agree with Supreme Court that these assertions are not factual allegations of an evidentiary nature that tend to establish that petitioner is entitled to the relief that he seeks and, therefore, the petition was properly dismissed (see Matter of Pettus v Department of Correctional Servs., 72 AD3d 1375, 1376 [2010]).  Finally, to the extent that petitioner sought discovery, Supreme Court providently exercised its discretion in denying his request (see CPLR 408; Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1132 [2013]).  Petitioner's remaining contentions have been examined and found to be without merit.

Lahtinen, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court