■ In the Matter of Antwuan J. Walker, Appellant, v Ann Marie T. Sullivan, as Commissioner of Mental Health, et al., Respondents. [49 NYS3d 788]—

Lynch, J. Appeal from a judgment of the Supreme Court (Ferreira, J.), entered January 5, 2016 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

While being civilly confined at the Central New York Psychiatric Center (hereinafter CNYPC) in Oneida County for the purpose of participating in the sex offender treatment program pursuant to Mental Hygiene Law article 10, petitioner submitted a grievance in October 2014, alleging, among other

things, that he was unlawfully housed in the Motivation on Deck (hereinafter MOD) unit for several days after he refused to be transferred to a certain housing unit of the facility and that he was improperly treated while in the MOD unit. Petitioner commenced this CPLR article 78 proceeding seeking to review respondents' denial of his grievance, enjoin respondents from operating the MOD unit at CNYPC and to compel respondents to promulgate certain standards, procedures and policies to be implemented at CNYPC. Respondents answered, asserting that the petition failed to state a cause of action. Supreme Court dismissed the petition on that basis, prompting this appeal.

We affirm, partly on a different basis. Upon our review of the petition, we initially find that petitioner adequately stated a factual basis for the grievance. Explaining that he "adamantly complained" about the relocation due to safety concerns about another resident, petitioner arguably stated a basis for his conduct so as to invalidate respondents' decision to place him in the MOD unit. That said, the record shows that petitioner's conduct in refusing to relocate was unduly aggressive, profane and disruptive. Respondent Commissioner of Mental Health is statutorily charged with the custody and control of residents civilly confined (see Mental Hygiene Law §§ 10.10, 29.13). As an administrative restriction, the MOD unit is utilized to address "purposeful conduct that poses a risk of serious, impending danger to the facility." As such, we perceive no error in respondents' denial of the grievance. To the extent that petitioner also seeks to enjoin respondents from operating the MOD unit and compel respondents to promulgate certain standards, procedures and policies, we find that the petition fails to state a cause of action due to the absence of any specific allegations tending to establish that petitioner has "a clear legal right to the relief sought" (Matter of EZ Props., LLC v City of Plattsburgh, 128 AD3d 1212, 1215 [2015]; see CPLR 7803 [1]; Matter of Jackson v Fischer, 132 AD3d 1038, 1039 [2015]; Matter of Cumberland v Commissioner of Corr. & Community Supervision, 131 AD3d 735, 736 [2015], lv denied 26 NY3d 914 [2015]; Matter of Pettus v Department of Correctional Servs., 72 AD3d 1375, 1376 [2010]). Accordingly, Supreme Court properly dismissed the petition.

Peters, P.J., Devine, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.