Matter of Adams v Venettozzi (2018 NY Slip Op 05561)





Matter of Adams v Venettozzi


2018 NY Slip Op 05561


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of ANTHONY N. ADAMS, 
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: June 11, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Anthony N. Adams, Elmira, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding to challenge a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge has been refunded to petitioner's inmate account. Although petitioner also seeks restoration of his wife's visitation privileges that were previously revoked, "an inmate lacks standing to challenge the suspension of another's visitation privileges" (Matter of Carter v Rock, 77 AD3d 1005, 1005 [2010]) as "it is their ability to visit, rather than his ability to receive visitors, that is restricted" (Matter of Cortorreal v Goord, 36 AD3d 1005, 1006 [2007], lv denied 8 NY3d 811 [2007])[FN1]. As to petitioner's request that he be restored to the status that he enjoyed prior to the disciplinary determination, he is not entitled to such relief (see Matter of Harrison v Annucci, 159 AD3d 1255, 1255-1256 [2018]; Matter of Smith v Prack, 131 AD3d 784, 784 [2015]). Given that petitioner has received all of the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Brown v Annucci, 157 AD3d 1182, 1182 [2018]; Matter of Wallace v Annucci, 157 AD3d 1171, 1171 [2018]). As the record reflects that [*2]petitioner paid a reduced filing fee of $50, and he has requested reimbursement thereof, we grant petitioner's request for that amount.
McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs, but with disbursements in the amount of $50.



Footnotes

Footnote 1: Petitioner's visitation privileges were restored on January 29, 2018, but his wife's ability to visit him was suspended by the Superintendent of the correctional facility until July 25, 2019.