■ In the Matter of BARBARA ZAMBELLI et al., Appellants-Respondents, v MARK C. DILLON, Respondent-Appellant, et al., Respondents. [661 NYS2d 268] —In a proceeding to invalidate a petition designating Mark C. Dillon as a candidate in a primary election to be held on September 9, 1997, for the nomination of the Independence Party as its candidate for the public office of Judge of the County Court, Westchester County, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Miller, J.), dated August 8, 1997, which, inter alia, dismissed the proceeding. The respondent Mark C. Dillon cross-appeals from stated portions of the same judgment.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the cross appellant is not aggrieved by the portions of the judgment cross-appealed from (see, CPLR 5511); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with (see, Matter of McGreevy v Simon, 220 AD2d 713; Matter of O'Daniel v Hayduk, 59 AD2d 706, 707, affd 42 NY2d 1062; Matter of Bruno v Ackerson, 39 NY2d 718, affg 51 AD2d 1051). The order to show cause which brought on this proceeding

provided for "nail and mail" service pursuant to CPLR 308 (4) as a last resort, if service pursuant to CPLR 308 (1) or 308 (2) could not be made with due diligence. Here, no attempt was made to serve the respondent Mark C. Dillon at his place of employment, and thus, under the circumstances of this case, it cannot be said that the petitioners exercised due diligence in their attempt to serve Dillon before resorting to nail and mail service. Accordingly, the Supreme Court properly found that it was without jurisdiction to entertain this proceeding, and, as a result, the proceeding was properly dismissed. Mangano, P. J., Thompson, Pizzuto, Krausman and Goldstein, JJ., concur.