OPINION OF THE COURT
Fred J. Hirsh, J.
Petitioner Portfolio Recovery Associates, LLC commenced this special proceeding seeking a turnover order.
Background
On September 23, 2008, Portfolio entered a judgment against Lizette M. Calderia, also known as Lizette Calderia, in the sum of $2,820.18.
Shortly after entering the judgment, Portfolio served an information subpoena and restraining notice upon JPMorgan Chase Bank (Chase). Chase responded to the information subpoena by advising Portfolio that Calderia maintained a bank account with Chase jointly with Genoveva Castillo. The then available balance on deposit in the account was $2,948.80. Chase’s response to the information subpoena was sworn to on October 27, 2008.
The amount on deposit in the account that was restrained is sufficient to fully satisfy the judgment.
Portfolio commenced this turnover proceeding on December 31, 2008. It was initially returnable on February 17, 2009. On February 17, 2009, the matter wás adjourned to March 19, 2009 at which time it was submitted to the court without opposition.
Neither Calderia nor Castillo appeared or opposed Portfolio’s request for a turnover order.
*1167 This special proceeding raises issues regarding whether the amendments to CPLR article 52, effective January 1, 2009, apply to turnover proceedings commenced prior to the effective date of the statute but heard by the court after the effective date of the statute. (L 2008, ch 575.)
Discussion
CPLR 5225 (b) permits a judgment creditor to commence a special proceeding against a person in possession or custody of money in which the judgment debtor has an interest seeking to compel the person who is in possession of the money in which the judgment debtor has an interest to pay the money over to the judgment creditor in full or partial satisfaction of the judgment.
CPLR article 52 was amended by Laws of 2008 (ch 575). The amendments are effective January 1, 2009. These amendments provide significant new substantive and procedural protections to judgment debtors.
The amendments were intended to provide judgment debtors with notice of their right to claim that property is exempt from execution and a procedure for asserting and having a court determine these rights. (See CPLR 5222-a.)[1] CPLR 5222-a is not applicable to this action since the restraining notice in this case was served prior to January 1, 2009, the effective date of the statute.
The other major change makes certain funds on deposit in a natural person’s bank account exempt from restraint or execution.
CPLR 5205 (l) (1) makes $2,500 of any money directly deposited into a depositor’s account during the 45-day period preceding the date of service of the restraining notice “reasonably identifiable as statutorily exempt payments” exempt from application towards the satisfaction of a judgment. A “statutorily exempt payment” is any property that is exempt from execution under state or federal law and Social Security retirement, survivors’ and disability benefits, supplemental security income *1168 or child support payments received under title IV-D of the Social Security Act, veterans administration benefits, public assistance benefits, workers’ compensation benefits, unemployment insurance benefits, public or private pensions, railroad retirement and black lung benefits. (CPLR 5205 [Z] [2].)[2] Such funds are also not subject to being restrained. (CPLR 5222 [h].)
Another major change is the addition of CPLR 5222 (i) which makes a restraining notice not applicable to
“an amount equal to or less than the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law . . . except such part thereof as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.”
This amount is presently equal to $1,716. (CPLR 5222 [i].) If the amount on deposit in the judgment debtor’s account is equal to or less than 90% of the greater of the aforementioned amounts, the account shall not be restrained and the restraining notice shall be void, “except as to those funds that a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.” (Id.)
CPLR 5222 (i) is not applicable since the restraining notice was served prior to the effective date of this statute.
While the statutorily prescribed sum set forth in CPLR 5222 (i) may be subject to restraint if the restraining notice was served prior to January 1, 2009, this sum may not be subject to execution.
CPLR 5232 (e), effective January 1, 2009, makes the amount that cannot be restrained pursuant to CPLR 5222 (i) exempt from execution, “except such part thereof as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.”
CPLR 5232 (e) is a remedial statute since it makes exempt from execution assets that previously might be subject to execution. (McKinney’s Cons Laws of NY, Book 1, Statutes § 54.) Remedial statutes apply retroactively and are applicable to all pending actions or proceedings unless expressly excepted. (Id.) CPLR 5232 (e) does not expressly except from its application *1169 turnover proceedings commenced prior to but heard by the court after its effective date. Therefore, CPLR 5232 (e) is applicable to this turnover proceeding.
Ideally, the judgment debtor will either claim the exemptions by responding to the exemption notice and by filing a notice of exemption, or claim the exemption by appearing in the turnover proceeding and providing the court with evidence in admissible form establishing that the property the judgment creditor seeks to execute against is exempt from execution pursuant to CPLR 5205 or 5232.
However, this court is seldom if ever presented with the ideal situation. More often than not, the court hears applications for a turnover order where the judgment debtor has defaulted in the action which resulted in the entry of the judgment and then defaulted in the turnover proceeding. This is generally coupled with the default by the joint tenant or joint depositor in the turnover proceeding.
The Legislature could have made the $1,716, or any other amount, fully exempt from both restraint and levy. See CPLR 5205 for a list of assets that are fully exempt from execution. However, the Legislature did not do this. This amount is exempt from restraint and levy only if it is “unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.” (CPLR 5222 [i]; 5232 [e].)
The amendments to CPLR article 52 were enacted to provide additional protection to judgment debtors. These amendments are designed to ensure that a judgment creditor cannot restrain or levy upon all the money, or the judgment debtor’s “last dime.” These statutes provide a judgment debtor with a minimal safety net. (7-5232 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 5232.23.)
However, a party or the joint depositor should not be able to benefit by defaulting. If the court were to find that a judgment debtor or joint tenant who defaults is automatically entitled to the statutory exemption, the court would be encouraging such parties to default in turnover proceedings.
To determine whether the amount described in CPLR 5222 (i) and 5232 (e) is unnecessary for the reasonable requirements of the judgment debtor or his or her dependents, the court needs to know the judgment debtor’s income and assets, the source of the funds on deposit in the account, the reasonable living expenses of the judgment debtor for items such as rent, mortgage *1170 payments, utility and food expenses, transportation costs, health care costs, the number of dependents the judgment debtor has and any other factors that might be relevant regarding the judgment debtor’s financial status. The amount needed for the reasonable requirements of two people making the same amount of money or having the same assets can be very different depending upon their age, marital status, health, number of dependents or a myriad of other potentially relevant factors.
The only way the court can make a reasoned determination as to whether the statutorily prescribed sum is unnecessary, under the circumstances where a judgment debtor defaults in a turnover proceeding, is to order and conduct a hearing at which time the judgment debtor and the joint tenant will be given one final opportunity to establish that the statutorily prescribed amount is reasonably necessary for the judgment debtor’s and his or her dependents’ requirements.
Should the judgment debtor and/or the joint tenant default at the hearing, then the court will direct that all the funds on deposit in the subject account be made available for the judgment creditor for satisfaction of the judgment.

. Newly enacted CPLR 5222-a requires a judgment creditor to serve with a restraining notice restraining a natural person’s bank account an “Exemption Notice” and an “Exemption Claim Form.” The statute requires the bank to serve the notice and claim form upon the depositor within two days of receipt. The statute further provides for a procedure for determining whether the restrained funds are exempt from execution if the depositor so claims or does not respond to the exemption claim form.

. See CPLR 5205 for a list of other property and assets that Eire exempt from execution under New York State law.