OPINION OF THE COURT
Fred J. Hirsh, J.
Plaintiff Midland Funding LLC, doing business in New York as Midland Funding of Delaware LLC (Midland), moves for an order determining that funds on deposit in a bank account maintained by defendant Spyridon J. Digonis are not exempt from execution.
Background
On June 4, 2009 Midland entered a default judgment against Digonis in the sum of $7,344.83.
In an effort to obtain information that would permit Midland to enforce the judgment, Midland’s attorney served a restraining notice and information subpoena upon Astoria Federal Savings. Astoria responded to the information subpoena and advised Midland that Digonis maintained an account with the bank. The amount on deposit in the account is substantially in excess of the amount of the judgment. Astoria further advised Midland’s attorney that the three most recent direct deposits into the account were Social Security benefits.
Astoria has restrained double the amount due on the judgment as of the date of the service of the restraining notice.
Midland also served upon Astoria the exemption notice and exemption claim form required by CPLR 5222-a.
Astoria mailed the exemption notice and exemption claim form to Digonis. Digonis completed the exemption claim form and claimed all the funds on deposit in the account are exempt from execution since the only funds on deposit in the account are Digonis’ Social Security benefits. Digonis stated in both a letter dated August 3, 2009 that was sent to Midland’s attorney and the exemption claim form that he has permanently resided in Athens, Greece since May 30, 2006.* He provided Midland with his current address in Athens in the letter and the exemp *937 tion claim form. The exemption claim form was notarized before a notary in Greece on August 6, 2009.
Digonis provided Midland’s attorney with copies of a statement issued by the Social Security Administration showing that $13,776 in Social Security benefits had been deposited directly into a bank account in 2008. Digonis also provided Midland’s attorney with copies of his Astoria statements and on-line banking statement for the period March 30, 2009 through July 31, 2009. These statements show the only deposits made into the account are preauthorized deposits of Digonis’ monthly Social Security benefits and a deposit of $250 from the United States Treasury. The reason for the $250 deposit made on May 21, 2009 is not clear. The only other credits to the account are the monthly interest earned on the amount on deposit.
Neither Midland’s attorney nor the court can determine the precise date the exemption claim form was mailed. The exemption claim form was mailed from Athens, Greece. The postmark on the copy of the envelope provided to the court is in Greek and is unreadable. Midland’s attorney states he received the exemption claim form on August 7, 2009.
The motion was made on August 12, 2009. (CPLR 2211.) The court finds the motion to challenge the exemption was made timely.
Discussion
A judgment creditor may contest a judgment debtor’s claim of exemption by moving for an order pursuant to CPLR 5240 within eight days of the date contained on the executed exemption claim form. (CPLR 5222-a [d].) The motion must be served upon “the banking institution and the judgment debtor.” (Id.)
The exemption claim form must contain the notation, “I request that any correspondence to me regarding my claim be sent to the following address” (CPLR 5222-a [b] [4] [b]). The exemption claim form must also have a line on which the judgment debtor can write the address to which correspondence should be sent. The following legend must be under the line for the judgment debtor’s address: “(FILL IN YOUR COMPLETE ADDRESS).” (CPLR 5222-a [b] [4] [b].)
Digonis completed this section of the exemption claim form by inserting his address in Athens, Greece. Astoria’s response to the information subpoena indicates Digonis’ address in Athens.
The purpose of the provision of the exemption claim form that requires the judgment debtor to provide the judgment cred *938 itor with an address to which all correspondence regarding this matter is to be sent is to advise the judgment creditor of the judgment debtor’s current address so that all further notices required by CPLR 5222-a or any other provision of CPLR article 52 will be sent to the judgment debtor at an address at which the judgment debtor is presently receiving mail. This statute acknowledges that the judgment debtor may no longer be living or working at the address contained in the judgment creditor’s records or at which service of the summons and complaint was made. This statute was designed to meet the requirement of due process which requires that a judgment debtor be placed on notice of proceedings which restrain the judgment debtor’s assets or property. (See Deary v Guardian Loan Co., Inc., 534 F Supp 1178 [SD NY 1982].)
Statutes that create statutory time periods and procedures must be strictly construed. (See Matter of Page [Commissioner of Labor], 65 AD3d 722 [3d Dept 2009]; Prisco v State of New York, 62 AD3d 978 [2d Dept 2009]; Grant St. Constr., Inc. v Cortland Paving Co., Inc., 55 AD3d 1106 [3d Dept 2008]; Matter of JS, 24 Misc 3d 1209[A], 2009 NY Slip Op 51328[U] [Sup Ct, Nassau County 2009].) CPLR 5222-a (d) creates a statutory time period and procedure by which a judgment creditor can challenge a judgment debtor’s claim of exemption.
This court believes that the term “correspondence . . . regarding my claim” includes a motion made for the purposes of challenging a judgment debtor’s claim the funds are exempt from restraint and execution. Thus, the motion to challenge the exemption had to be served upon Digonis by mailing it to him at the address provided in the exemption claim notice, not the address listed as Digonis’ address in the summons or the address at which service was made.
Midland also failed to comply with CPLR 5222-a (d) for challenging a claimed exemption since it did not serve the motion seeking to challenge Digonis’ claim of an exemption upon the banking institution.
Since the motion was not served upon the bank as required by statute or upon Digonis at the statutorily required address, the court lacks jurisdiction to hear the motion. (See Scharmann’s Inc. v 388 W. Broadway, 258 AD2d 262 [1st Dept 1999]; Matter of Zambelli v Dillon, 242 AD2d 353 [2d Dept 1997]; Goldstein v Saltzman, 13 Misc 3d 1023 [Sup Ct, Nassau County 2006].)
Since the judgment debtor properly and timely claimed an exemption and since the judgment creditor did not properly *939 challenge the exemption, the court must find a hearing on the issue of whether the funds are exempt from restraint or execution is not required. (CPLR 5222-a [d].) The restraints are vacated.
For the foregoing reasons, Midland’s motion to challenge the claimed exemption is denied.

 The court questions how the plaintiff could effectuate proper service and obtain jurisdiction over Digonis by serving Digonis pursuant to CPLR 308 (4) in Valley Stream in February 2009 when Digonis has resided in Athens, Greece since May 2006. However, in the absence of a properly made motion to vacate the judgment, the court will not address this issue.