OPINION OF THE COURT
Fred J. Hirsh, J.
This is another case involving the complex and convoluted practices and procedures required to determine if funds on deposit in a judgment debtor’s bank account are exempt from execution pursuant to CPLR 5222-a. More specifically, this case raises questions about the procedures involved in determining whether a judgment debtor’s claim that funds on deposit in a bank are exempt from execution when the judgment debtor does not appear or oppose judgment creditor’s motion contesting judgment debtor’s claim the funds are exempt from restraint and execution.
Background
The fact underlying this case are straightforward and common. Plaintiff Midland Funding LLC, doing business as in New York as Midland Funding of Delaware LLC (Midland), as assignee of First North American National Bank (FNANB), sued to recover the balance alleged to be due on a Visa credit card issued by FNANB to defendant April Singleton, also known as April Phillips (April).
The action was commenced on March 22, 2010 when the summons and complaint were filed with the clerk of the court. (Uniform Dist Ct Act § 400 [1].) Defendant was served and did not appear. Midland entered a default judgment.[1] The judgment remains unsatisfied.
In an effort to enforce the judgment, Midland served an information subpoena with restraining notice and the exemption claim notice and exemption claim form required by CPLR 5222-a (b) (4) upon Sovereign Bank (Sovereign) on November 3, 2011.
Sovereign responded to the information subpoena by advising Midland’s attorney April maintained a checking account with Sovereign. Sovereign restrained the amount on deposit in the account in excess of $1,740.
Sovereign mailed the exemption claim notice and exemption claim form to April. April claimed the funds on deposit in the *800 account were exempt from restraint and execution by checking the line on the exemption claim form indicating the funds on deposit in the account were “Income earned in the last 60 days (90% of which is exempt)” and by mailing a copy of the éxemption claim form to Midland’s attorneys on November 15, 2011.
Midland’s attorney received the exemption claim form on November 16, 2011.
April supported her claim the funds on deposit in the account were exempt as income earned within the last 60 days by providing Midland’s attorneys with copies of her pay stubs issued for the pay dates September 9, 2011, September 23, 2011, October 7, 2011 and October 21, 2011. April’s pay stubs state the amount she was earning during these pay periods but do not indicate where her paychecks were deposited. She did not provide Midland’s attorney with copies of any bank statements issued by Sovereign indicating her pay was directly deposited into her Sovereign account.
Sovereign’s response to the information subpoena states a direct deposit was received from April’s employer on November 4, 2011. Sovereign’s response further indicates that a deposit was made into April’s checking account by the State of New York on November 3, 2011 and ING Direct on October 28, 2011. The source of the funds or reason for the deposits made by the State of New York and/or ING Direct is not stated in Sovereign’s response to the information subpoena.
Upon receipt of the exemption claim form, Midland’s attorney moved to contest April’s claim of exemption. (CPLR 5222-a [d].) April did not appear on the return date of the motion and did not file any papers with the court opposing Midland’s motion seeking an order that the funds on deposit in April’s account with Sovereign Bank are exempt from execution.
Discussion
CPLR 5222-a was enacted as part of the Exempt Income Protection Act of 2008 (EIPA). The purpose of this legislation was to insure that sources of income that are exempt from judgment enforcement were not restrained or seized in enforcement of judgments. To meet this purpose, the EIPA provides for a method by which a judgment debtor would be advised that certain sources of income were exempt from execution, a method to claim the exemption and a procedure by which the court in which the judgment was entered would expeditiously determine the validity of the claimed exemption. (See Bill Jacket, L 2008, *801 eh 575.) In reality, the EIPA confounds and confuses attorneys, baffles the judgment debtors and banking institutions and has left the court to determine procedures for ascertaining whether claimed exemptions are valid and how much of the funds are subject to exemption from restraint and execution. (See Portfolio Recovery Assoc., LLC v Calderia, 24 Misc 3d 1165 [Nassau Dist Ct 2009].)
CPLR 5222-a (b) (1) requires a judgment creditor serving a restraining notice upon a banking institution to serve an exemption claim notice and two copies of an exemption claim form in the form prescribed by CPLR 5222-a (b) (4) (b) with the restraining notice.
CPLR 5222-a (b) (3) requires the bank to send the exemption claim notice and exemption claim form to the judgment debtor/ depositor by first-class mail addressed to the judgment debtor/ depositor at the judgment debtor’s/depositor’s last known address within two days of receipt.
The judgment debtor may claim the funds on deposit in the bank are exempt from restraint and execution by mailing a completed exemption claim form to the attorney for the judgment creditor or the judgment creditor if the judgment creditor is not represented by an attorney within 20 days of the date of the postmark on the envelope by which the bank sent the exemption claim notice and exemption claim form to the judgment debtor. (CPLR 5222-a [c].) The judgment creditor claims an exemption by simply checking the line on the exemption claim form next to the source of the exempt income the judgment debtor claims is on deposit in the account.[2] The judgment debtor may but is not required to provide the attorney for the judgment creditor or the judgment creditor with documentation or proof supporting the claim of exemption. The exemption claim form advises the judgment debtor that providing the at *802 torney for the judgment creditor with proof of the claimed exemption may speed release of the funds. It further advises the judgment debtor that if proper proof supporting the claim of exemption is provided, the attorney must release the funds within seven days.
CPLR 5222-a (d) requires the judgment creditor upon whom an exemption claim form has been served to move within eight days of the date of the postmark on the envelope containing the exemption claim form to object to the claimed exemption. The envelope containing the exemption claim form was attached to the motion papers and was postmarked November 15, 2011. Midland’s attorney states the exemption claim form was received by his office on November 16, 2011. The motion was made on November 21, 2011 when copies of the motion papers were sent by Federal Express to April and Sovereign. (CPLR 2211, 2103 [b] [6].) The motion was returnable on November 29, 2011. Therefore, the motion is timely.
The attorney for the judgment creditor challenging the claim of exemption must state in the papers submitted to the court the attorney has “a reasonable belief that such judgment debtor’s account contains funds that are not exempt from execution and the amount of such nonexempt funds.” (CPLR 5222-a [d].) “Conclusory” statements are not sufficient. (Id.) At a minimum, the judgment creditor’s attorney must “show the factual basis upon which the reasonable belief is based.” (Id.)
In determining the sufficiency of the “reasonable belief’ and “factual basis” of the judgment creditor, the court notes that proof supporting or establishing the claimed exemption, such as proof of the source of the funds on deposit in the banking institution, is typically information within the possession and control of the judgment debtor. April furnished the attorney for the judgment creditor with copies of her pay stubs for a two-month period. She did not furnish proof her wages were deposited into her Sovereign account. Additionally, Sovereign’s response to the information subpoena indicates sums may have been deposited into the account from nonexempt sources, to wit: the State of New York and/or INC Direct.
In these circumstances, the judgment creditor is entitled to challenge the judgment debtor’s claim of exemption. In cases where the judgment debtor serves an exemption claim form on the attorney for the judgment creditor that claims the funds on deposit in the bank are exempt but provides no documentary proof or insufficient documentary proof to establish the exemp *803 tion, the judgment creditor may certainly cite the absence of such proof as part of its reasonable basis to believe the account contains nonexempt funds. Holding to the contrary would place an impossible burden on the judgment creditor.
CPLR 5222-a (d) requires, “The hearing to decide the motion shall be noticed for seven days after service of the moving papers.” This language also does not indicate whether the additional five days required by CPLR 2103 (b) (2) shall be added if the motion is served by mail or one day required by CPLR 2103 (b) (6) shall be added if the motion is served by overnight delivery service.
CPLR 5222-a (d) makes the exemption claim form prima facie evidence that the funds are exempt and places the burden of proof on the judgment creditor to establish the amount of funds that are not exempt. The statute offers no guidance to the court as to whether this determination is to be made solely on papers or whether an evidentiary hearing is always required. The statute also offers no guidance to the court as to how to determine a claim of exemption when the judgment debtor does not appear or submit papers in opposition to the judgment creditor’s motion contesting the claimed exemption.
Ordinarily, motions are heard and decided on the papers. (Siegel, NY Prac § 243 [5th ed].) Motion papers generally consist of the notice of motion specifying the time and place the motion will be heard, affidavits or affirmations which state the facts and/or exhibits, documents, deposition transcripts, briefs and other relevant material supporting and establishing the moving parties entitlement to the requested relief. (Siegel, NY Prac § 246 [5th ed]; CPLR 2214 [a], [b], [c]; 22 NYCRR 212.11 [b].) Motions are opposed by the opposing party submitting papers indicating why the requested relief should not be granted. {Id.) In most circumstances, the moving party can submit a reply. (CPLR 2214 [b].)
Ordinarily, on the return date of the motion, the motion is submitted. (22 NYCRR 212.11 [b] [3].) Upon submission, the court reads the papers and determines if the moving party is entitled to the relief requested. If a provisional remedy is not requested, the court has 60 days from the date of submission of the motion to render a decision. (CPLR 2219 [a].) However, CPLR 5222-a (d) requires the court to determine within five days of the date of “the hearing” whether or not the funds are exempt.
If a judgment creditor makes a motion to challenge an exemption claimed under CPLR 5222-a and the judgment debtor ap *804 pears and submits papers, the court may be able to determine the claim of exemption without an evidentiary hearing. If a judgment debtor submitted copies of pay stubs, Social Security awards and/or unemployment benefits statements or other documentary proof establishing the funds are exempt from execution together with bank statements establishing and correlating the amounts directly deposited into the judgment debtor’s account are from an exempt source, the court could very well determine whether the funds are exempt and the amount that is exempt without an evidentiary hearing.[3] Conversely, the judgment creditor could present conclusive proof with its motion papers establishing the funds on deposit in the account consist of funds received from nonexempt sources.
On the other hand, an evidentiary hearing is necessary where the source of the funds on deposit in the account may consist of exempt and nonexempt money or the source of the funds on deposit is not clearly established. The burden of proof on the issue is placed by the statute on the judgment creditor. (CPLR 5222-a [d].)
Where the judgment debtor does not appear or oppose the motion contesting the claimed exemption, an evidentiary hearing still may be required, depending upon the proof available and provided to the court by the judgment creditor.
The legislature could not have intended to permit a judgment debtor to magically and automatically convert nonexempt funds into exempt funds by simply placing a check on a line on the exemption claim form, timely mailing a copy of the form to the attorney for the judgment creditor and then ignoring the motion contesting the claimed exemption and any other subsequent proceedings. Such an interpretation of CPLR 5222-a would permit a recalcitrant debtor to avoid justly due and owing obligations. The use of the word “hearing” contained in CPLR 5222-a (d) must be read to include both the traditional method of hearing a motion on papers and if the determination of whether the funds are exempt cannot be made on papers to permit an evidentiary hearing to determine whether the funds on deposit in the account are exempt or, if not fully exempt, the amount on deposit in the account that is exempt.
*805 While CPLR 5222-a (d) makes the exemption claim form prima facie evidence of an exemption and places the burden of proving the funds are not exempt upon the judgment creditor, the judgment creditor is entitled to the opportunity to question the judgment debtor as to source of the funds claimed to be exempt. Fundamental fairness and basic due process require the judgment creditor be provided with some method for meaningfully contesting the judgment debtor’s claim the funds on deposit in an account are exempt from execution.
The facts in this case require an evidentiary hearing be held to determine the validity of the claimed exemption. While April has provided the attorney for the judgment creditor with some evidence of the claimed exemption, the evidence provided is insufficient to establish the claimed exemption as a matter of law. Midland’s attorney should be permitted to question April at an evidentiary hearing about where her paycheck was deposited, how that money was spent and the source and reason behind the other funds deposited into the account.
Therefore, the attorney for the judgment creditor and the judgment debtor are directed to appear for an evidentiary hearing in District Court, Nassau County, Civil Part 3, 99 Main Street, Courtroom 259, Hempstead, New York 11550, on January 3, 2012 at 9:30 a.m., to determine the amount, if any, of the funds that are on deposit in the account maintained by defendant are subject to exemption. Plaintiff is directed to serve a copy of this order upon the defendant by mailing a copy to her at her last known address by certified mail, return receipt requested and first-class mail with certificate of mailing on or before December 9, 2011. Plaintiff shall file on the date of the hearing an affidavit of service indicating whether the copies of the order mailed to defendant have been returned by the United States Postal Service as undeliverable as addressed. The parties may issue subpoenas as they deem necessary or appropriate to obtain production of the required proof.
All restraints on defendant’s bank account shall remain in effect pending the hearing. (CPLR 5222-a [e].)

. Since April has not challenged the judgment, the court cannot and will not review the papers submitted in support of the judgment to determine if they were sufficient.

. The exemption claim notice advises the judgment creditor that Social Security benefits, Social Security Disability benefits, Supplemental Security Income (SSI), public assistance, income earned while receiving SSI or public assistance, veteran’s benefits, unemployment benefits, payment from pensions or retirement accounts, disability benefits, income earned in the last 60 days (90% of which is exempt), workers’ compensation benefits, child support, spousal support or maintenance (alimony), railroad retirement benefits and black lung benefits are exempt from attachment and execution. The exemption claim form lists each type of exempt funds and advises the judgment debtor to state the account contains funds that are exempt by placing a check mark next to the source of the exempt funds. (See CPLR 5222-a [b] [4]; see 12 Bender’s Forms for the Civil Practice Form No. CPLR 5222-a:2; 3A West’s McKinney’s Forms Civil Practice Law and Rules § 8:251.70 [2011].)

. A copy of a document showing the amount a judgment debtor is receiving in Social Security benefits coupled with a copy of a bank statement showing that this amount was directly deposited into the judgment debtor’s account on the appropriate day of each month would be this type of proof.