OPINION OF THE COURT
Fred J. Hirsh, J.
Background
In Midland Funding LLC v Singleton (34 Misc 3d 798 [Nassau Dist Ct 2011] (Singleton 1]), this court ordered an evidentiary hearing to determine if funds on deposit in a bank account maintained by April Singleton also known as April Phillips (Singleton) with Sovereign Bank (Sovereign) were exempt from judgment enforcement. This court must now decide whether judgment debtor Singleton’s failure to appear for the evidentiary hearing requires the court to reject her claim the funds are exempt from judgment enforcement.
While the facts surrounding this matter are set forth in detail in Singleton 1, a brief repetition of the salient facts is necessary to understand this decision.
Plaintiff Midland Funding LLC (Midland) entered a default judgment against Singleton. The judgment remains unsatisfied.
Midland served an information subpoena and restraining notice dated November 3, 2011, exemption claim notice and exemption claim form upon Sovereign. Sovereign responded to Midland’s information subpoena and restrained the amount on deposit in Singleton’s account in excess of $1,740.
Singleton timely mailed the exemption claim form to Midland’s attorney together with copies of her pay stubs for the dates September 9, 23, October 7 and 21, 2011. Singleton did not provide Midland’s attorney with copies of her monthly or other statements for her Sovereign account.
Sovereign’s response to the information subpoena did not contain any information regarding whether any deposits were made into Singleton’s account on the above-mentioned dates. Sovereign’s response to the information subpoena indicated a direct deposit into Singleton’s account from Singleton’s employer on November 4, 2011 and deposits made into Singleton’s account by the State of New York on November 3, 2011 *364 and ING Direct on October 28, 2011. The deposits from the State and ING Direct do not appear to be from exempt sources. Midland did not request and Sovereign did not provide copies of Singleton’s Sovereign statements for September, October or November 2011.
Midland’s attorney objected to Singleton’s claim that the funds in the account were exempt from execution by timely moving to contest the claimed objection. (CPLR 5222-a [d].) Singleton did not appear on the return date of the motion and did not submit any papers in opposition to the motion.
In Singleton l, this court scheduled an evidentiary hearing to determine Midland’s challenge to Singleton’s claim of exemption for January 3, 2012.
Singleton did not appear for the January 3, 2012 evidentiary hearing even though Midland’s attorney served a copy of the court’s order directing the hearing upon Singleton in the manner directed by the court. Singleton received additional notice of the January 3, 2012 hearing because the court mailed a copy of its order in Singleton 1 to Singleton.
Because Singleton did not appear, the court adjourned the hearing to January 30, 2012. Midland’s attorney mailed a letter to Singleton dated January 6, 2012 advising her of the January 30, 2012 hearing. The court also advised Singleton of the January 30, 2012 hearing. Despite the notice, Singleton did not appear on January 30, 2012.
Neither the copy of the order in Singleton 1 nor the letter mailed to Singleton by the court to advise her of the January 30, 2012 hearing has been returned by the United States Postal Service with an indication the items were undeliverable as addressed.
On January 30, 2012, Midland’s attorney advised the court he had received a telephone call from Singleton regarding the possible resolution of this matter. As of January 30, 2012, the parties were unable to reach a settlement.
Discussion
CPLR 5222-a, which was enacted as part of the Exempt Income Protection Act of 2008 (L 2008, ch 575 [EIPA]), was enacted to protect judgment debtors from having funds that are exempt from judgment enforcement restrained and seized by judgment creditors and to prevent judgment creditors from restraining and seizing all of a judgment debtor’s funds.
*365 CPLR 5222-a appears to be premised on the belief the judgment seeking to be enforced was entered after the claim was fully litigated in an action in which both parties were represented by counsel and the judgment debtor is still represented by counsel who is familiar with and properly advising the judgment debtor regarding the intricacies of CPLR 5222-a. In reality, in many if not most cases, the judgment creditor is seeking to enforce a clerk’s default judgment (Siegel, NY Prac § 293 [5th ed]; CPLR 3215 [a]) entered upon questionable service (see Matter of Pfau v Forster & Garbus, Sup Ct, Erie County, index No. 2166/11) where the proof submitted in support of the application to enter the judgment may have been insufficient to obtain the judgment. (Velocity Invs., LLC v McCaffrey, 31 Misc 3d 308 [Nassau Dist Ct 2011]; Collins Fin. Servs. v Vigilante, 30 Misc 3d 908 [Civ Ct, Richmond County 2011].) In almost all cases, the judgment debtor was not represented by an attorney in the action that resulted in the judgment being entered and is not being represented by an attorney in the judgment enforcement proceedings.
The information subpoena and restraining notice was dated November 3, 2011. Ninety percent of any income earned within 60 days of the issuance of the restraining notice would be exempt from execution. (CPLR 5205 [d] [2].)
One of the major elements of the EIPA is the requirement that an exemption claim notice and exemption claim form in the form prescribed by CPLR 5222-a (b) (4) (a) and (b) be served with any restraining notice served upon a banking institution when the account to be restrained is maintained by a natural person. (CPLR 5222-a [b] [1].)
The bank upon which the exemption claim notice and exemption claim form is served must mail a copy of these forms to the judgment debtor at the judgment debtor’s last known address within two business days of receipt. (CPLR 5222-a [b] [3].)[1]
The exemption claim notice and exemption claim form advise the judgment debtor that certain funds that may be on deposit in the account are fully or partially exempt from restraint and cannot be taken to enforce a judgment.
*366 The exemption claim form permits the judgment debtor to claim an exemption by placing a or “X” on the line next to the source of exempt funds and mailing the exemption claim form to the attorney for judgment creditor or if the judgment creditor is not represented by counsel to the judgment creditor within 20 days of the date on the postmark on the correspondence by which the banking institution mailed the forms to the judgment debtor. (CPLR 5222-a [c] [1].) The judgment debtor may but is not required to provide the judgment creditor with documentary evidence and/or written proof to support the claimed exemption. The exemption claim form suggests that providing such proof to the judgment creditor may result in the account being released more quickly.
The judgment creditor may contest the judgment debtor’s claim of exemption by timely moving in the action in which the judgment was entered to object to the exemption. (See CPLR 5222-a [d].) In order to challenge the claimed exemption, the judgment creditor must establish a factual basis or a reasonable belief the judgment debtor’s account contains funds that are nonexempt. (Id. ) At the hearing to determine whether the funds are exempt, “[t]he executed exemption claim form shall be prima facie evidence . . . the funds in the account are exempt funds.” (Id.) The burden of proof is placed on the judgment creditor to establish the amounts on deposit in the account that are not exempt from execution. (Id.)
Only 90% of a person’s income earned in the last 60 days is exempt from execution. (CPLR 5205 [d] [2]; 5222-a [b] [4] [a], [b].) Even if all the money on deposit in Singleton’s Sovereign account was from her income, only 90% of the amount deposited over the 60 days prior to the issuance of the restraining notice would be fully exempt from execution. Additionally, 10% of any new earned income Singelton deposited into the account after Sovereign received the restraining notice might be subject to restraint and execution.
CPLR 5222-a (d) does not specify the proof required to establish some or all of the funds on deposit in the account are not exempt.
Where the judgment debtor claims the funds on deposit in a bank account exempt from execution because the funds are earned income earned within the last 60 days, the judgment creditor could issue subpoenas and/or subpoenas duces tecum to the bank in which the funds are deposited and to the defendant judgment debtor’s employer requiring them to appear on the *367 date of the evidentiary hearing with bank statements, deposit records and payroll records and to testify regarding these matters.
However, this may not always be possible. The judgment debtor’s employer or the depository bank might be outside the state or the jurisdiction of the court. (See UDCA 1201 [subpoenas issued by the District Court may be served only in the county in which the action is pending, an adjoining county or the City of New York unless the court on motion permits service outside these areas].)
The judgment debtor may not be subject to subpoena. (See Midland Funding LLC v Digonis, 25 Misc 3d 935 [Nassau Dist Ct 2009] [at the time the exemption was claimed, defendant judgment debtor Digonis resided in Greece].)
The judgment creditor could meet its burden by calling the defendant judgment debtor as a witness, placing him or her under oath and questioning him or her regarding the source of the funds on deposit in the account.
Nothing in CPLR 5222-a provides the court with guidance on how to determine the validity of a claim of exemption when the proof submitted by the judgment debtor to the judgment creditor with the exemption claim form is inconclusive or insufficient to establish the exemption, when the judgment creditor objects to the claimed exemption and the judgment debtor does not oppose the motion objecting to the claimed exemption and/or the judgment debtor fails to appear for the evidentiary hearing set by the court to determine the validity of the claimed exemption.
A party who defaults is deemed to have admitted all traversable allegations contained in the papers. (See Rokina Opt. Co. v Camera King, 63 NY2d 728 [1984]; Suburban Graphics Supply Corp. v Nagle, 5 AD3d 663 [2d Dept 2004].) When the defendant fails to testify in a civil matter, the trier of fact may draw the strongest inference against the defendant the opposing evidence in the record permits. (Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137 [1983]; Katz v Gangemi, 60 AD3d 819 [2d Dept 2009]; Prince, Richardson on Evidence § 3-140 [a] [Farrell 11th ed 1995].)
The court may also draw an adverse inference when a document exists, is under the opponent’s control and the party who has control of the document does not offer a reasonable explanation for failing to produce it. (Jean-Pierre v Touro Coll., 40 AD3d 819 [2d Dept 2007].)
*368 Singleton has defaulted or failed to appear on at least four occasions. She failed to appear and contest the underlying action. As a result, a default judgment was entered against her.
Despite knowledge of the judgment and the restraint of some of the funds on deposit in her Sovereign account, she has not moved to vacate the judgment.
She did not oppose the motion objecting to her claim of exemption.
She failed to appear for the evidentiary hearings scheduled by the court on January 3, 2012 or January 30, 2012 even though she was advised by the court and the plaintiffs attorney of the date, time and place of the hearing.
Midland submitted evidence contained in Sovereign’s response to its information subpoena that some of the funds on deposit in Singleton’s account are from nonexempt sources. Since Singleton has defaulted in these proceedings, Singleton is deemed to have admitted for the purposes of this proceeding the funds are not exempt from restraint or execution.
Documents that would have supported Singleton’s claim of exemption, to wit: the bank statements for her Sovereign account and her pay stubs, are within her control. These statements and pay stubs would have shown the amount deposited into the account and the dates of the deposit. These statements and pay stubs would have confirmed Singleton’s claim her earned income was directly deposited into the Sovereign account. Singleton did not produce those statements. Bank statements exist and are in the possession of the depositor. Singleton has failed to produce these statements and has failed to offer any explanation for her failure to do so.
In view of Singleton’s default, the evidence before this court that at least some of the funds are from a nonexempt source and Singleton’s failure to testify or submit any evidence on her behalf substantiating her claim the funds on deposit in the Sovereign account are exempt, the court draws the adverse inferences and finds the funds on deposit in Singleton’s account in Sovereign are not exempt from attachment or execution.
The legislature, when enacting EIPA, could not possibly have intended to permit a person to obtain an exemption simply by checking a box on the exemption claim form, signing that form and timely mailing it back to the judgment creditor’s attorney. Such a determination would permit judgment debtors to obtain an exemption without having any basis for claiming an exemption or presenting any proof supporting the claimed exemption.
*369 A party to an action should not benefit from its repeated failure to appear when directed to do so by the court. (See Portfolio Recovery Assoc., LLC v Calderia, 24 Misc 3d 1165 [Nassau Dist Ct 2009].)
In this circumstance, if the court were to find that Singleton is entitled to an exemption simply because she mailed the exemption claim form back to Midland’s attorney, the court would be making the timely mailing of the exemption claim form conclusive proof of an entitlement to an exemption. CPLR 5222-a does not provide for or require this.
Therefore, plaintiffs motion to find the funds on deposit in a bank account maintained by the judgment debtor April Singleton also known as April Phillips with Sovereign Bank in excess of $1,740 are not exempt from execution is granted.[2] The funds are not exempt.

. CPLR 5222-a (b) (3) requires the banking institute to serve the exemption claim notice and exemption claim form on the judgment debtor by first class mail at the judgment debtor’s “last known address.” Presumably this requires the bank to mail the exemption claim notice and exemption claim form to the judgment debtor at the address the bank has in its records as the judgment debtor’s address.

. An amount equal to or less than 240 times the federal minimum wage, presently $1,740, on deposit in the account are exempt unless the court determines such funds are not necessary for the reasonable requirements of the judgment debtor and his or her dependents. (Portfolio Recovery Assoc., LLC v Calderia, supra; CPLR 5205 [d] [2]; 5222-a [i]; 5232 [e].) The issue of whether this amount is exempt is not before the court and has not been decided in this matter.