Mantis Funding LLC v Loading4You Transp. LLC (2024 NY Slip Op 50827(U))

[*1]

Mantis Funding LLC v Loading4You Transp. LLC

2024 NY Slip Op 50827(U)

Decided on July 1, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 1, 2024
Civil Court of the City of New York, New York County

Mantis Funding LLC, Plaintiff,

against
Loading4You Transportation LLC; JULIAN, Defendant.

Index No. CV-019545-19/NY

Plaintiff's counsel:
Zachter, PLLC
30 Wall Street 
8th Floor
New York, New York 10005-2205
Defendant's counsel:
Tayne Law Group PC 
135 Pinelawn Road 
Suite 250N
Melville, New York 11747

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this Motion as required by CPLR 2219 (a)
Upon reading Plaintiff's Motion to release the money in Defendants' bank account to Plaintiff pursuant to a judgment or alternatively for a hearing determining Defendants' claim of exemption ("Motion"), and Defendants' Opposition ("Opposition"), together with all supporting documents, Plaintiff's Motion is decided as follows.

 II. Procedural History
Plaintiff commenced the instant action to collect $15,860.00 in consumer credit debt plus fees, interest, costs, and disbursement on August 7, 2019. A default judgment ("Judgment") was entered on December 23, 2019, awarding Plaintiff $16,744.12. Plaintiff restrained an account held by Defendants in Navy Federal Credit Union ("the Bank") with a balance of $4,321.81. Defendants served an Exemption Claim Form upon the Bank claiming exemption from Plaintiff's Information Subpoena and Restraining Notice on the grounds that the restrained money allegedly included payments from pensions and retirement accounts as well as Workers' Compensation. Defendants had not yet made any payments towards the Judgment. Plaintiff then filed the instant Motion. Defendants Opposed.

III. Discussion
Plaintiff did not provide documentary evidence supporting the claim that Defendants' money is non-exempt. The main argument of Plaintiff's instant Motion is that Defendant's claim for exemption is meritless given that the Exemption Claim Form was not submitted with any supporting documentary evidence. However, Defendants provided two significant pieces of documentary evidence establishing the exempted status of their money in its Opposition: a 401(k) check made to Defendant in the amount of $11,271.00 (Exhibit C, Opposition), which would constitute "payments from pensions and retirement accounts" (CPLR 5222-A(b)(8)); and a series of payments stemming from a Worker's Compensation Award (Exhibit D, Opposition; see CPLR 5222-A[b][11]).
Defendants alleged that since receiving the 401(k) check, their bank account had remained consistently around $5,000 to $4,000. As a result, the entire $4,321.81 held by Defendants is exempt under the "lowest intermediate balance" method of accounting, which is mandated by CPLR 5222-A(c)(4).
The burden of proof is on the judgment creditor to establish the amounts on deposit in the account that are not exempt from execution (see CPLR 5222-A[d]; see also Midland Funding LLC v Singleton, 35 Misc 3d 410, 411; U.S. Equities Corp. v Casellas, 72 Misc 3d 874, 875 [Civ Ct, New York County 2021]); and that "the affirmation or affidavit in support of [Plaintiff's] motion shall demonstrate a reasonable belief that such judgment debtor's account contains funds that are not exempt from execution and the amount of such nonexempt funds . . . [*2]The affirmation or affidavit shall not be conclusory, but is required to show the factual basis upon which the reasonable belief is based" (CPLR 5222-A[d]). Although Plaintiff alleged that it had a "reasonable belief" that Defendants' account contained non-exempt funds, Plaintiff failed to provide documentary evidence to support its belief.

IV. Order
Accordingly, it is
ORDERED Plaintiff's Motion is DENIED in its entirety; and it is further
ORDERED the Part Clerk is directed to set this matter for a hearing at Part 11C on August 5, 2024 on the detail of Navy Credit Federal Union accounts ending in 8829 and 8461, including balance, and for Defendant to provide detailed bank statements to prove that the 401K check of $11,271.00 and various awards from worker's compensation were indeed deposited in accounts ending in 8829 and 8461, and are exempt from restraint and execution.
This constitutes the DECISION and ORDER of the Court.
Dated: July 1, 2024
County of New York
Honorable Wendy Changyong Li, J.C.C.